# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.F.**, | Case No. 2:18-cv-01404-SU |
| Plaintiff, | **ORDER** |
| v. | |
| **CHRISTOPHER EVANS,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on December 3, 2018. ECF 19. Magistrate Judge Sullivan recommended that Defendants' Motion to Dismiss Plaintiff's Fourth Claim (ECF 8) should be granted. Magistrate Judge Sullivan also recommended that Plaintiff should be granted leave to amend if Plaintiff can plausibly allege that Defendants Evans and Turner were not acting within in the scope of their employment in committing the acts alleged.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 25. Plaintiff argues that his Fourth Claim, which is alleged under Oregon's Vulnerable Persons Act, can be alleged against state-employee defendants. Plaintiff also argues that abuse of a vulnerable person is not a civil action within the meaning of the Oregon Tort Claims Act. The Court has reviewed *de novo* those portions of Magistrate Judge Sullivan's Findings and Recommendation to which Plaintiff has objected, as well as Defendants' response. The Court agrees with Magistrate Judge Sullivan's reasoning that the Oregon Tort Claims Act provides Plaintiff's exclusive state-law tort remedy against state

employees acting within the course and scope of their employment. The Court also agrees that abuse of a vulnerable person is a tort and a "civil action" within the meaning of the Oregon Tort Claims Act. The Court ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation, ECF 19. Defendants' Motion to Dismiss Plaintiff's Fourth Claim (ECF 8) is GRANTED. Plaintiff is granted leave to amend if Plaintiff can plausibly allege that Defendants Evans and Turner were not acting in the scope of their employment in committing the acts alleged.

**IT IS SO ORDERED.**

DATED this 24th day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge