**Steven Rizzo**, OSB No. 840853
**Mary D. Skjelset,** OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201
P: 503-229-1819
F: 503-229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

**ATTORNEYS FOR THE PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| A.F.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER EVANS, *et. al.*<br><br>　　　　　Defendants. | CASE NO. 2:18-cv-01404-SU<br><br>**PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC**<br><br>*Oral argument requested*<br>*Expedited Hearing Requested* |

**INTRODUCTION**

Plaintiff moves for an order compelling Grande Ronde Defenders LLC ("GRD") to produce documents responsive to Plaintiff's subpoena and to attend a custodian of records deposition. This motion is based on Fed. R. Civ. P. 26(b) and 45(d)(2)(B)(i), the Declaration of Mary Skjelset ("Decl.") and exhibits, and the following points and authorities.

**LR 7-1 CERTIFICATION**

Counsel for Plaintiff made a good faith effort to confer with GRD's counsel via e-mail and telephonically to resolve the dispute, and has been unable to do so.

1 -    PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

## BACKGROUND

Plaintiff A.F., a minor child, has brought civil rights and professional negligence claims against his attorney, Janie Burcart.

The discovery to date has revealed that at times material Burcart was a member of GRD. GRD engaged in public defense services and/or other like services on behalf of the State of Oregon pursuant to a contract between GRD and the Oregon Public Defense Services Commission ("OPDSC").[1] Decl., Ex 1 at p. 4. As a Member of GRD, and Burcart had a "100% ownership interest" in the LLC. *Id.* at p.2. The 2011 GRD Operating Agreement identifies Mr. Richard Dall (hereafter "Dall") as the registered agent and managing member of GRD. *Id*. at p. 1.

Plaintiff served a subpoena on GRD on March 29, 2019. Decl.*,* Ex 2. The subpoena sought documents and information relating to the formation of GRD and dealings with OPDS, and it sought discovery of Burcart's relationship and dealings with GRD, including her personnel file, performance reviews, time entries pertaining to the representation, and her GRD dealings, duties and powers, and a list of legal matters that Burcart handled on behalf of GRD/OPDS, and insurance information that bear on GRD's control of its owners and members. *Id*. at p. 4. Also, in connection with Plaintiff's attempt to recover Burcart's entire client file, Burcart (and her PLF attorneys) had communications with Dall.[2] Decl., Ex. 3. As it turns out, Dall proceeded to represent Plaintiff, and his brother, E.F., at some point following Burcart's retirement from the active practice of law. *See e.g.,* Compl., ¶¶ 61-64. Based on the history and exchange of communications between Burcart and Dall, Plaintiff's subpoena also sought discovery of joint defense agreements between and among Burcart, Dall, and GRD. Decl., Ex. 2 at p. 4. GRD has made *seriatim* boiler plate objections and has largely avoided a meaningful conferral thereon. Decl., Ex. 4, 7.

---

[1] In relevant part, OPDS certifies the qualifications of attorneys and sets standards of representation policies and procedures regarding the qualification and payment of public defense providers. *See* https://www.oregon.gov/opds/provider/Pages/default.aspx.

[2] Mr. Dall is separately represented by his PLF attorney, Mr. Bruno Jagelski. Plaintiff has served a courtesy copy of the motion to Mr. Dall's counsel.

2 -  PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

Relatedly, Plaintiff has made repeated attempts to work with GRD to set a date/time for a records custodian deposition. GRD has rebuffed these attempts as well. *See* Decl. at pp. 2-3.

## LEGAL STANDARDS

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," regardless of ultimate admissibility. Fed. R. Civ. P. 26(b)(1). "Relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Wilson v. Decibels of Ore., Inc.*, 2017 US Dist LEXIS 11302, at *6 (D Or Jan. 26, 2017) (internal quotations and citations omitted).

"[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." *See* Fed. R. Civ. P. 45, Advisory Committee notes (1970). A person commanded to produce documents or ESI in a subpoena may serve on the party or attorney designated in the subpoena a timely written objection. FRCP 45(2)(B). However, a party or person resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Gorrell v. Sneath*, 292 FRD 629, 632 (ED Cal 2013) (internal citations omitted). Boilerplate objections do not suffice. *Id*.

## ARGUMENT

### A. Plaintiff's March 29, 2019 Subpoena

The discovery sought is relevant and the court should order GRD to comply with the subpoena and set a date/time for the requested custodian of records deposition.

*Item # 1, GRD Articles and By-Laws*

GRD has repeatedly claimed that it would produce these materials but, to date, nothing has been produced. Decl., Ex. 5.

*Item #2, List of GRD Contractors (attorneys) from April 2011 through April 2014*

Exhibit 1 lists five attorney owner/members. *Id*., Ex. 1 at pp. 1-2. Plaintiff seeks to determine whether the list constitutes all of GRD's attorneys from April 2011 through April 2014,

3 - PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

or, for instance, whether there are other members or additional counsel who performed legal services in connection with Burcart and/or witnessed her performance.

*Item #3, Agreements between GRD and Burcart*

Item 3 seeks "all agreements, contracts letters and/or memoranda of understanding" between GRD and Burcart during her performance as the attorney of record for Plaintiff. *Id.*, Ex. 2 at p. 4. The aforementioned 2011 GRD Operating Agreement variously characterizes Burcart as a "Member," but with a 100% ownership interest, and also as an "independent contractor" (an undefined term) who has apparently "so certified under Oregon laws." *Id.*, Ex. at pp. 2, 4, 11. Plaintiff's subpoena seeks documents that explain or inform these relationships. To date, however, GRD has produced only the Exhibit 1 for 2011, and no documents whatsoever for the years 2012, 2013 and 2014.

*Items # 4 Personnel file, and Item # 5 Reports of complaints/concerns*

These items seek basic documents and information regarding Burcart's performance of legal services with GRD, including any complaints or concerns and the like regarding to Burcart's performance of duties.

With respect to Item #4, in the initial conferral with GRD, Plaintiff understood the company to have no objection to producing the personnel file of Burcart. Decl., Ex. 5. Subsequent correspondence has suggested that GRD would not commit to producing that file – assuming that the company has a file, which remains unclear, and would also not commit to producing any other requested document beyond the GRD Articles and Bylaws – which GRD still has not produced. However, Burcart's personnel file is relevant and GRD has delayed providing the file for more than three months.

Item 5 consists of GRD's records and files regarding complaints or concerns raised by court and counsel and others regarding Burcart's handling of juvenile dependency matters. Decl., Ex. 2 at p. 4. The 2011 GRD Operating Agreement sets forth a mechanism for notice of complaints, which render them easily identifiable for production. Decl., Ex 1 at pp. 9-10 ("If GRD receives a

4 -   PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

complaint concerning the services of a specific contractor, the contractor shall be notified and given an opportunity to respond"). This request bears on Burcart's historical and contemporaneous performance of professional responsibilities, concerns and complaints about her performance and/or conduct, and GRD's notice thereof.

*Item # 6, OPDS notices/reports re Burcart*

Plaintiff served a subpoena to OPDS which has produced responsive documents in its possession and control. The question is whether GRD has responsive documents that were not produced by OPDS. Only GRD can answer that question by producing the documents sought in its possession and control. To date, nothing has been produced.

*Item #7, Tenders of Defense and Joint Defense Agreements*

For the reasons set forth above, Plaintiff is seeking any joint defense agreements between and among Burcart, Dall, and GRD in which each was an owner/member, and any tenders of defense. GRD claims that these documents are "clearly privileged." Decl., Ex. 7. However, GRD has not provided caselaw to support its conclusory assertion. Further, GRD has refused to squarely address the preliminary question of whether there are such documents. And, it is unclear whether GRD (and Burcart perhaps) are not failing to identify and produce responsive documents by contending privately that they are subject to a joint defense "privilege." This Court should require GRD to identify any joint defense agreement and list any documents withheld thereunder on a privilege log. *See Columbia Sportswear Co. v. 3MD, Inc.*, No. 03:17-CV-0342-AC, 2017 US Dist LEXIS 210777, at *10-11 (D Or Dec. 21, 2017) (the party withholding documents based on an assertion of privilege flowing from a joint-defense agreement, it "bears the burden of establishing the existence of the relationship and the privileged nature of the communication") (internal citations omitted).[3]

*Item #9, Communications between GRD and Burcart regarding A.F.*

---

[3] Plaintiff's *Item #8* sought a list of the legal matters that Burcart handled with GRD. Notwithstanding GRD's claim that the information was "privileged," OPDS produced a listing of the matters provided by GRD. For that reason, Plaintiff has withdrawn the issue.

5 - PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

This request seeks basic documents and information pertaining to the representation of A.F., including communications that occurred between GRD, Dall, and Burcart, preceding the filing of this litigation. Again employing a delay stratagem, GRD has made no specific objection, but instead has demanded Plaintiff to first provide "search terms," again, without providing any information on the search capabilities that would inform the terms or the items to be searched. Decl. at p. 2.

*Item #10, Burcart's time entries during her representation of A.F.*

Plaintiff seeks a record of Burcart's time entries during her representation of A.F. Without conferring on the issue, GRD appears to object to this request on the grounds that these time entries "would contain privileged communication with her clients and are not discoverable." Decl., Ex. 7. The assertion that time entries would contain client communications is perplexing. GRD has not offered to redact or create a privilege log. Nor has GRD clarified whether there are recorded time entries specific to Plaintiff, which would not be privileged.

*Item #11, GRD Malpractice Insurance Policies and Endorsements*

The 2011 GRD Operating Agreement provides, in relevant part, that the member "shall be indemnified by [GRD] against any losses, judgment, liabilities, expenses, and amounts paid in settlement of any claims sustained against [GRD] or against the Member in connection with [GRD]. . . ." Decl., Ex 1 at pp. 3-4. Again, using the delay stratagem, GRD has not made a specific objection to this request while simultaneously failing to provide any evidence of insurance. Decl. Plaintiff believes that GRD's insurance coverage is discoverable – again, unless there is an undisclosed joint defense arrangement, or agreement, and this Court should order GRD to produce it. *See* Fed. R. Civ. Pro. 26(a)(1)(iv)(listing "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment" among the initial disclosures); *cf.,* Or. R. Civ. Pro. 36(B)(2)(requiring disclosure of "the existence and contents of any insurance agreement or policy under which a person transacting insurance may be liable to satisfy part or all

6 -   PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment").

### B. GRD Custodian of Records deposition

This Court should grant Plaintiff's motion, and require GRD to set a date/time for deposition. Plaintiff served the subpoena on March 29, 2019. On May 14, 2019, this Court ruled that Plaintiff could proceed with third party discovery, absent objection by the State of Oregon, so that the parties could complete that aspect of their discovery before the case is reinstated. On June 19, 2019, Plaintiff served a draft Notice of records deposition on GRD. Decl., Ex. 6. GRD will not be made available for the proposed dates and has offered no alternative dates. Decl. at p. 3. GRD's attempt to justify use of delay by asserting there are "no deadlines" lacks merit.

### CONCLUSION

This court should grant the motion and award terms.

Dated: July 2, 2019.

      RIZZO MATTINGLY BOSWORTH PC

      By */s/Mary Skjelset*
      Steven Rizzo OSB No. 840853
      Mary D. Skjelset OSB No. 074850
      Rizzo Mattingly Bosworth PC
      1300 SW Sixth Avenue, Suite 330
      Portland, OR 97201
      Tel: (503) 229-1819
      Fax: (503) 229-0630
      ATTORNEYS FOR PLAINTIFFS

7 - PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| A.F.<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER EVANS, *et. al.*<br><br>    Defendants. | CASE NO. 2:18-CV-01404-SU<br><br>**CERTIFICATE OF SERVICE** |

I am employed by the law firm of Rizzo Mattingly Bosworth PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof **PLAINTIFF'S MOTION TO COMPEL AGAINST GRANDE RONDE DEFENDERS LLC** in the following manner:

**VIA EMAIL**

Jill Schneider
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
jill.schneider@doj.state.or.us
*Of Attorneys for State Defendants*

Nikola Lyn Jones
Katie M. Eichner
Lindsay Hart, LLP
1300 SW Fifth Ave., Suite 3400
Portland, OR 97201
Telephone: (503) 226-7677
Fax: (503) 226-7697
njones@lindsayhart.com
keichner@lindsayhart.com
*Of Attorneys for Defendant Janie Burcart*

Xin Xu
Xin Xu Law Group
5285 Meadows Rd. Ste. 181
Lake Oswego, OR 97035
Telephone: (503) 542-8299
Fax: (503) 487-3939
xin@xinxulaw.com
*Of Attorneys for Grande Ronde Defenders*

Dated this 2nd day of July, 2019.

    *s/Heather Wettlaufer*
    Heather Wettlaufer, Paralegal