IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

|  |  |
|---|---|
| A.F., | Civ. No. 2:18-cv-01404-SU<br>(Lead Case for Purposes of Discovery) |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| CHRISTOPHER EVANS; KRISTA<br>TURNER; SUSAN LEMON; JANIE<br>BURCART; RICHARD DALL;<br>THE OREGON DEPARTMENT OF<br>HUMAN SERVICES (DHS); JANE<br>or JOHN DOE DEFENDANTS 1-5, |  |
| Defendants. |  |

_____

|  |  |
|---|---|
| E.F., | Civ. No. 2:19-cv-01056-SU<br>(Member Case) |
| Plaintiff, |  |
| v. |  |
| CHRISTOPHER EVANS; KRISTA<br>TURNER; SUSAN LEMON; JANIE<br>BURCART; RICHARD DALL;<br>THE OREGON DEPARTMENT OF<br>HUMAN SERVICES (DHS); JANE<br>or JOHN DOE DEFENDANTS 1-5, |  |
| Defendants. |  |

_____

SULLIVAN, Magistrate Judge.

These related cases, *A.F. v. Evans et al.*, Civ. No 2:18-cv-01404-SU (the "A.F. Case"),

and *E.F. v. Evans et al.*, Civ. No. 2:19-cv-01056-SU (the "E.F. Case") have been consolidated for

purposes of discovery.  This matter comes before the Court on Plaintiff E.F.'s Motion to Determine

Privilege.  ECF No. 154.[1]    The Court heard argument on the motion on October 1, 2020.  ECF

No. 176.

For the reasons set forth below, the Court concludes that the DHS Defendants have waived

privilege for the material submitted under seal as Exhibit 4 to the Mitchell Declaration.  ECF No.

155.  This material remains subject to the applicable terms governing confidentiality in the relevant

protective orders.

## BACKGROUND

Plaintiffs A.F. and E.F. filed separate complaints alleging abuse in foster care and in a

state-created guardianship.  On June 3, 2019, the DHS Defendants produced materials in response

to A.F.'s first Request for Production.  Among these materials were notes from meetings between

DHS employees and the DHS's attorney, marked AF-PROD 11232-11248.  Mitchell Decl. Ex. 4.

These materials were prominently marked as privileged attorney-client work product.  *Id.*

On August 27, 2019, counsel for A.F. notified counsel for the DHS Defendants that they

had potentially produced privileged materials.   Jill Schneider, who is counsel for the DHS

Defendants in both cases, thanked A.F.'s attorney for the notification on August 28, 2019.  Mitchell

Decl. Ex. 1.

On September 10, 2019, counsel for A.F. contacted counsel for the DHS Defendants

concerning the potentially privileged materials.  Mitchell Decl. Ex. 2.  Counsel for the DHS

Defendants did not respond to this communication.

On October 10, 2019, the DHS Defendants produced the same potentially privileged

materials to E.F. in the course of discovery.

---

[1] Unless otherwise noted, docket numbers will be given as they appear in the A.F. Case.

On December 24, 2019, the DHS Defendants wrote to Plaintiffs asserting that the documents were privileged and requesting claw back of the materials.   Mitchell Decl. Ex. 3.

## DISCUSSION

Although the parties dispute whether the inadvertently disclosed material is privileged, the Court concludes that it is not necessary to resolve that issue because, as explained at the hearing and as discussed below, the DHS Defendants have waived any privilege that attached to the material.   For the purposes of this motion, the Court will therefore assume that the material was privileged.

Under Federal Rule of Evidence 502(b), the disclosure of attorney-client-privileged material does not waive the privilege, so long as (1) the disclosure is inadvertent, (2) the privilege holder took reasonable steps to prevent the disclosure, and (3) the privilege-holder promptly took reasonable steps to correct the error.   "The disclosing party has the burden of proving the elements of Rule 502(b) have been met."   *Audubon Soc. of Portland v. Zinke*, Case No. 1:17-cv-00069-CL, 2018 WL 1522691, at *4 (D. Or. Mar. 27, 2018).

"Whether disclosure is inadvertent and whether the holder of the privilege took reasonable steps turns on a variety of factors, including the number [of] documents and how they were reviewed prior to production."   *Audubon Soc. of Portland*, 2018 WL 1522691, at *4 (internal quotation marks and citation omitted, alterations normalized).   "The party alleging the privilege must offer specific facts and details to show that the procedures were reasonable."   *Id.* (internal quotations marks and citation omitted).

In this case, the DHS Defendants have not provided any description of the procedures used to prevent disclosure of privileged materials.   The documents in question are prominently marked as privileged, which suggests an inexcusable failure of discovery review on the part of the DHS

Defendants.  As the DHS Defendants point out, such errors inevitably occur in the course of discovery.  However, the fact that the DHS Defendants produced the same privileged material to E.F. despite being warned that the documents were potentially privileged leads the Court to conclude that the DHS Defendants did not take reasonable steps to prevent the disclosure.

With respect to the third factor, "courts have emphasized that claw back requests should be made immediately, with delays of even a few weeks determined to be too long." *Skansgaard v. Bank of America, N.A.*, No. C11-0988 RJB, 2013 WL 828210, at *3 (W.D. Wash. Mar. 6, 2013). In this case, James Smith, the lead counsel for the DHS Defendants, was on medical leave when the documents were produced to A.F. and E.F.  Smith Decl. ¶ 3.  Schneider remained as counsel for the DHS Defendants during Smith's absence.  Despite notification from A.F.'s attorney, Schneider did not act to claw back the material.  Smith returned from his medical leave on October 29, 2019 but did not learn that the disputed materials had been produced until late December 2019, at which point he sought to claw back the material.  *Id.*

The DHS Defendant's attempt to claw back the privileged materials came over six months after the initial disclosure to A.F.; nearly four months after counsel for A.F. notified the DHS Defendants of the potential privilege; and more than two months after the DHS Defendants produced the same materials to E.F.  On this record, the Court cannot conclude that the DHS Defendants took prompt steps to rectify the inadvertent disclosure.

## CONCLUSION

The Court concludes that the DHS Defendants have waived privilege for the documents submitted under seal as Exhibit 4 to the Mitchell Declaration, AF-PROD 11232-11248.  This waiver does not extend to any other privileged documents, including documents of the same type. Notwithstanding the waiver of privilege, the material contained in Exhibit 4 of the Mitchell Declaration remains subject to the terms of the applicable protective orders concerning confidentiality.

It is so ORDERED and DATED this 6th day of October 2020.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge