IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


A.F.,                                                              Civ. No. 2:18-cv-01404-SU
                                                                   (Lead Case for Purposes of Discovery)

                         Plaintiff,               **OPINION & ORDER**

            v.

CHRISTOPHER EVANS; KRISTA
TURNER; SUSAN LEMON;
THE OREGON DEPARTMENT OF
HUMAN SERVICES (DHS); JANE
or JOHN DOE DEFENDANTS 1-5,

                         Defendants.
_____


E.F.,                                                              Civ. No. 2:19-cv-01056-SU
                                                                   (Member Case)

                         Plaintiff,

            v.

CHRISTOPHER EVANS; KRISTA
TURNER; SUSAN LEMON;
THE OREGON DEPARTMENT OF
HUMAN SERVICES (DHS); JANE
or JOHN DOE DEFENDANTS 1-5,

                         Defendants.
_____

SULLIVAN, Magistrate Judge.

        These related cases, *A.F. v. Evans et al.*, Civ. No 2:18-cv-01404-SU (the "A.F. Case"),

and *E.F. v. Evans et al.*, Civ. No. 2:19-cv-01056-SU (the "E.F. Case") have been consolidated for

purposes of discovery.  This matter comes before the Court on Plaintiff A.F.'s Motion to Strike

and Plaintiff E.F's Motion to Strike, both of which concern the affirmative defense of comparative fault. ECF Nos. 236, 248.[1]    The Court concludes these motions are appropriate for resolution without oral argument. For the reasons set forth below, the Motions are DENIED.

## BACKGROUND

Plaintiffs A.F. and E.F. filed separate complaints alleging abuse in foster care and in a state-created guardianship against the Oregon Department of Human Services ("DHS"), Christopher Evans, Susan Lemon, and Krista Turner (collectively, the "DHS Defendants"). As relevant to the present motion, A.F. and E.F. also brought claims for professional negligence against their former attorneys Janie Burcart and Richard Dall, as well as claims for breach of fiduciary duties against Burcart. ECF No. 109; ECF No. 59 in the E.F. Case.

The parties engaged in a protracted course of discovery which closed, with some limited exceptions, on September 18, 2020. ECF No. 167. After the close of discovery, A.F. and E.F. reached a negotiated settlement with Burcart and Dall in an agreement approved by Judge Michael McShane on September 28, 2020. Consistent with the terms of that agreement, the Court granted a motion to dismiss all claims against Burcart and Dall with prejudice on October 9, 2020. ECF No. 180.

A.F. filed his Second Amended Complaint (the "A.F. SAC") on March 1, 2021. ECF No 222. E.F. filed his Second Amended Complaint (the "E.F. SAC") on March 30, 2021. ECF No. 189 in the E.F. Case. Both the A.F. SAC and the E.F. SAC allege claims under 42 U.S.C. § 1983 against Evans, Lemon, and Turner, and state law claims for negligence and/or negligence *per se* against DHS itself.

---

[1] Unless otherwise noted, docket numbers will be given as they appear in the A.F. Case.

The DHS Defendants filed an Answer to the A.F. SAC on March 15, 2021, ECF No. 227, and the DHS Defendants filed an Answer to the E.F. SAC on May 17, 2021, ECF No. 197 in the E.F. Case. Both answers raise the same affirmative defenses, the fourth of which asserts

> Plaintiff's state law claims are subject to Oregon's Comparative Fault statutes (ORS 31.600-31.615). Plaintiff settled claims against Janie Burcart and Rick Dall while both were defendants in the case. The state defendants are entitled to the jury's evaluation of the fault of all defendants, pursuant to ORS 31.605 and 31.610.

Ans. to A.F SAC ¶ 40; Ans. to E.F. SAC ¶ 46.

## DISCUSSION

A.F. and E.F. move to strike the DHS Defendant's fourth affirmative defense, which raises comparative fault as to Burcart and Dall in the state law negligence claims against DHS. A.F. and E.F. assert that the fourth affirmative defense is untimely and prejudicial, as well as factually and legally insufficient.

Federal Rule of Civil Procedure 12 provides that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under federal procedural law, an affirmative defense is inadequately pleaded if it fails to give a plaintiff fair notice of the nature of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings," and held that an affirmative defense may be raised at a later time if the delay does not prejudice the plaintiff. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "In addition, mere untimely assertion of an affirmative defense is insufficient to establish prejudice." *Baumgarner v. Cmty. Servs., Inc.*, 3:12-CV-01174-BR, 2013 WL 12309779, at *3 (D. Or. April 17, 2013).

In this case, the DHS Defendants' fourth affirmative defense asserts that A.F. and E.F.'s negligence claims against DHS are subject to comparative fault as between DHS, Burcart, and

Dall.  Prior to the settlement agreement, Burcart and Dall were defendants in both cases and the issue of their fault relative to DHS would necessarily have been resolved at trial.  *See* ORS 31.600(2) ("The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled.").  Prior to settlement, the parties engaged in extensive discovery concerning Burcart and Dall and their roles in the case.  Burcart's involvement and role in the case is also alleged at some length in the SACs.  It only became necessary for the DHS Defendants to raise the fourth affirmative defense once Burcart and Dall were taken out of the case.  The Court concludes that A.F. and E.F. had fair notice of the need to allocate fault between DHS, Burcart, and Dall and so the late addition of the affirmative defense does not prejudice A.F. or E.F.  If A.F. or E.F. believe that additional limited discovery is necessary to probe the question of comparative fault, the Court will consider a properly supported motion on that issue.

## CONCLUSION

For the reasons set forth above, the Motions to Strike, ECF Nos. 236, 248, are DENIED.

It is so ORDERED and DATED this ___17th___ day of September 2021.

> /s/ Patricia Sullivan
> Patricia Sullivan
> United States Magistrate Judge