**Steven Rizzo**, OSB No. 840853
**Mary D. Skjelset,** OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201
P: 503-229-1819
F: 503-229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

**ATTORNEYS FOR PLAINTIFF A.F.**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| A.F.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER EVANS, et al,<br><br>　　　　　Defendants.<br>E.F.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER EVANS, et al,<br><br>　　　　　Defendants. | CASE NO. 2:18-cv-01404-SI<br><br><br><br><br><br>CASE NO. 2:19-cv-01056-SI<br><br>**A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**<br><br>(*Oral argument requested*) |

## INTRODUCTION

　　Plaintiff A.F. seeks an order dismissing the state defendants' Fourth Affirmative Defense. This Motion is supported by Fed. R. Civ. P. 26 and 56, the Declaration of Steven Rizzo ("Decl.") and exhibits thereto, and the pleadings, papers and correspondence on file.

1 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

## LR-7 CERTIFICATION

Counsel for A.F. conferred with DOJ defense counsel, but the parties did not reach agreement.

## RELEVANT PROCEDURAL BACKGROUND

A.F. filed his Complaint on July 26, 2018. (ECF 1). A.F. alleged federal civil rights claims against defendants Evans, Lemon and Turner, and a state law claim for negligence against the defendant Department of Human Services (collectively, "the state defendants"). A.F. also alleged a claim for legal malpractice against Janie Burcart, the attorney who had represented A.F. and E.F. in the juvenile dependency proceeding in state court. A.F. alleged that Burcart "failed to maintain the applicable standard of care and breached her professional duties to A.F." (*See id*. at 20-22). Burcart denied the allegations in her September 6, 2018 Answer. (ECF 10). She filed an Amended Answer on December 5, 2018, realleging the denial. (*See* ECF 21 at 4).

Attorney Rick Dall represented A.F. and E.F. in the juvenile dependency proceeding upon Burcart's retirement. A.F. deposed attorney Rick Dall on October 25, 2019. The state defendants asked no questions of Dall. A.F. filed an Amended Complaint on January 17, 2020, alleging a legal malpractice claim against Dall, and adding a breach of fiduciary duty claim against Burcart. (ECF 109 at 31, 35-39). Burcart answered the Amended Complaint on January 31, 2020, once again denying the allegations. (ECF 122). The state defendants, meanwhile, filed their Answer the same day, without stating cross claims against Burcart and Dall and without affirmatively alleging a comparative fault defense. Relative to A.F.'s legal malpractice allegations, the state defendants claimed a "lack [of] information sufficient to respond to allegations against other defendants." (ECF 121 at 8). A.F. deposed Burcart on February 18, 2020. (Declaration of Steven Rizzo, Exhibit 1). As with Dall, the state defendants asked no questions of Burcart. Dall filed an Answer on March 12, 2020, denying the allegations against him. (ECF 141). The state defendants served no discovery requests on either Burcart or Dall.

2 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

The parties attended a judicial settlement conference with Judge Michael McShane on May 26, 2020. (ECF 146). Afterwards, A.F. and E.F. settled their legal malpractice claims against Burcart and Dall. Their August 2020 settlement agreement provided that "liability is, and has been expressly denied." (*See* ECF 163 at 9). Judge McShane entered an order approving the minor A.F.'s settlement on September 28, 2020. (ECF 172). Consistent with the agreement, Burcart and Dall moved for an order of dismissal on September 30, 2020. (ECF 173). The state defendants did not oppose this motion.[1]

Likewise consistent with the agreement, A.F. moved for leave to file a Second Amended Complaint ("SAC") on September 30, 2020, dismissing the claims against Burcart and Dall. (ECF 174). The state defendants opposed A.F.'s motion on October 14, 2020, indicating that: (i) "[p]ursuant to ORS 31.605, in a negligence case, the trier of fact compares the fault of those whom plaintiff has sued (and any third party defendants)"; and (ii) "[a]llegations against defendants who settle are judicial admissions by plaintiffs that the settling defendants did the acts alleged." The SAC, they asserted, was "therefore futile." (ECF 181 at 2). Plaintiffs replied on October 20, 2020, noting that the state defendants had never alleged comparative fault, and that a withdrawn or superseded pleading is not treated as a judicial admission. (ECF 195 at 3-7) (citations omitted). A.F.'s motion for leave to file the SAC was granted on January 13, 2021. (ECF 218).

The state defendants' March 15, 2021 Answer alleged the Fourth Affirmative Defense at issue:

> Plaintiff's state law claims are subject to Oregon's Comparative Fault statutes (ORS 31.600-31.615). Plaintiff settled claims against Janie Burcart and Rick Dall while both were defendants in the case. The state defendants are entitled to the jury's evaluation of the fault of all defendants, pursuant to ORS 31.605 and 31.610. (ECF 227 at 6).

---

[1] The court granted the motion filed by Burcart and Dall and entered an order of dismissal on October 9, 2020. (ECF 180). Discovery closed. All parties filed motions for summary judgment on October 19, 2020. (*See e.g.,* ECFs 182, 187, 190).

3 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

A.F. moved to strike this defense on April 2, 2021, on the grounds that it was conclusory and strategically timed, and therefore prejudicial. (ECF 236). A.F. argued prejudice because Plaintiffs lacked the opportunity to conduct discovery into the stealth defense and shape the litigation strategy accordingly while Burcart and Dall remained in the case. (*Id*. at 5; A.F.'s Reply, ECF 243 at 6-8) (citations omitted). In their May 17, 2021 Response, the state defendants deflected that Plaintiffs were not prejudiced because they took "seven depositions and eventually gained enough knowledge of the facts to settle the case against Burcart and Dall." (ECF 242 at 4). On September 17, 2021, the court denied A.F.'s motion to strike without oral argument. (ECF 254 at 4).[2] A.F. now moves to dismiss the defense as a matter of law.

## STANDARDS

Fed. R. Civ. P. 56(a) provides that "a party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The moving party bears the initial burden of informing the court of the basis for its motion, and identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Where the non-moving party has the burden of proof on an issue at trial, the movant may prevail by: (i) presenting evidence that negates an essential element of the non-moving party's defense; and/or (ii) showing the absence of evidence to support an essential element of the non-moving party's defense, relative to carrying its ultimate burden of persuasion at trial. *Id.* at 331 (internal citations omitted). Where the movant meets that burden, the burden then shifts to the non-

---

[2] However, in consequence of the "late addition" of the defense the court provided an avenue for limited additional discovery. Subsequently, over the state defendants' objection, Plaintiffs were permitted to conduct additional discovery. (*Id*.; ECF 263, Order granting Plfs. motion to compel limited additional discovery; ECF 271, Order granting Plfs. motion to compel deposition testimony of DOJ AAG John Anderson and DHS employee Billy Cordero).

4 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

moving party to designate specific facts demonstrating the existence of genuine issues for trial. *See Estate of Tucker v. Interscope Records,* 515 F.3d 1019, 1030 (9th Cir. 2008). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Celotex Corp.,* 477 U.S. at 324.

## ARGUMENT

### *The comparative fault defense does not meet the terms of ORS 31.600, et seq.*

ORS 31.600(2) provides in pertinent part that "the trier of fact shall compare the fault of the claimant with the fault of . . . any person with whom the claimant has settled." *Id*. The Fourth Affirmative Defense alleges that A.F.'s negligence claim against DHS is "subject to ORS 31.600-31.615." (ECF 227 at 6). However, the state defendants do not allege that Plaintiffs (i.e. the claimants) were at fault and they previously assured the court that "[t]he State of Oregon has at no time contended, and at no time will contend, that anything AF or EF did caused the abuse they allege." (*See* Resp. to A.F.'s Motion to Strike, ECF 242 at 3). The defense as alleged plainly "does not meet the criteria established by subsection (2) of this section for the consideration of fault by the trier of fact." *Cf.,* ORS 31.600(4).

ORS 31.600(3) provides in pertinent that a "*defendant who . . . alleges* that a person who has settled with the claimant *is* at fault in the matter, has the burden of proof in establishing: (a) The fault of the . . . person who settled with the claimant; and (b) That the fault of the . . . person who settled with the claimant was a contributing cause to the injury or death under the law applicable in the matter." *Id.* (emphasis added). Despite having had years to do so, no state defendant alleges that Burcart *is at fault* or that Dall *is at fault*. Merely restating that Plaintiffs "settled claims with Janie Burcart and Rick Dall while both were defendants in the case" is not an allegation of fault, as required by ORS 31.600(3). Burcart and Dall denied liability in the parties' settlement agreement, and the fact of the settlement itself is inadmissible. *See* ORS 31.605(3)

5 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

("The jury shall not be informed of any settlement made by the claimant for damages arising out of the injury or death that is the subject of the action.).")

***A.F.'s superseded Amended Complaint does not establish comparative fault and causation.***

A.F. believes the state defendants intend to argue that by introducing at trial A.F.'s superseded Amended Complaint, their statutory burden of proof is met. If so, they are wrong.

The Amended Complaint alleged predicate factual allegations in support of the legal malpractice claims against Burcart and Dall. For example, A.F. alleged that Burcart "knew and/or should have known that A.F. had a right to appear and be heard and that he wanted to exercise it" and that, based on his prior representation of (foster parent) Campbell, Dall knew that A.F.'s family "had historically opposed the children's placement with Campbell based in part on concerns for his mental stability." (ECF 109 at 29, 36). Based on these, and other, factual allegations, A.F. alleged that Burcart and Dall "failed to maintain the applicable standard of care" and listed the particulars of each former defendant's alleged negligence, which are legal conclusions. (*Id.* at 29, 37); *See e.g. Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

Pursuant to the settlement, the legal malpractice claims were dismissed by order of the court and withdrawn from the SAC. "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *See Huey v. Honeywell*, 82 F.3d 327, 333 (9th Cir. 1996). The SAC supersedes the Amended Complaint. A.F.'s legal malpractice allegations are therefore not judicial admissions. Regardless, the allegations did not "admit," much less prove, that Burcart and Dall committed legal

6 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

malpractice. A.F.'s superseded allegations in no way satisfy the state defendants' burden of proof relative to establishing comparative fault and causation.

***The state defendants have no expert testimony to establish comparative fault and causation.***

The elements of A.F.'s legal malpractice claims were as follows: "(1) duty, (2) breach, (3) harm measurable in damages, and (4) a causal connection between the breach of duty and the harm." *See Sheretz v. Brownstein, Rask, Sweeney, Kerr, Grim, Desylvia & Hay, LLP,* 314 Or. App. 331, 342 (2021) (citing *Watson v. Meltzer,* 247 Or. App. 558, 565 (2011), *rev. den*. 352 Or. 266 (2012)). Proving legal malpractice generally requires expert testimony:

> [I]n most charges against professional persons, expert testimony is required to establish what the reasonable practice is in the community. The conduct of the defendant professional is adjudged by this standard. Without such expert testimony a plaintiff cannot prove negligence. The reason for this rule is that what is reasonable conduct for a professional is ordinarily not within the knowledge of the usual jury. *See Gretchen v. Mansfield,* 260 Or. 174, 179 (1971).

"Whether expert testimony is necessary to establish that a defendant's conduct fell below the standard of care is a legal question that the court must determine by examining the *particular malpractice issues* that the case presents." *See Vandermay v. Clayton*, 328 Or. 646, 655 (1999) (emphasis added).

Here, it is necessary for the state defendants to supply expert testimony to establish fault and causation as to Burcart and Dall. For example, A.F. alleged that, in connection with Plaintiffs' juvenile dependency proceeding, Burcart "was charged to represent and defend the interests of A.F. . . . in accordance with his express wishes," but "acted on her own agenda and used a best interests standard that she knew was not applicable. . . ." (ECF 109 at 31). A.F. made similar legal malpractice allegations against Dall, whose representation succeeded Burcart's. (*Id.* at 37-39). On deposition, Burcart testified: "I represented the boys at all times under the best interests standard. I believe in the brief time that Mr. Dall represented them, he too represented them under the best interests standard." (Decl., Ex. 1 at 2). Applying *Gretchen and Vandermay*, a jury empaneled in

7 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

this action would, at a minimum, need expert testimony to understand the context and elements of Plaintiffs' juvenile dependency proceeding: the bases of the juvenile court's exercise of jurisdiction; the roles and responsibilities of the court and parties; the legal requirements for a dispositional order; the rights of wards of the court; and the wards' ability to provide input into permanency planning. *See e.g.,* ORS 419B.449; ORS 419B.746. Otherwise equipped with this foundation, the jury would need further expert testimony to establish the appropriate standard of care and assist the jury to determine whether Burcart and/or Dall failed to meet that standard at key stages of the juvenile dependency proceeding, causing injury to Plaintiffs.

But the state defendants are not licensed to practice law and their failure to disclose an expert witness to testify in support of the Fourth Affirmative Defense is fatal.

## CONCLUSION

The Court should dismiss the Fourth Affirmative Defense as a matter of law.

Dated: April 4, 2022.

RIZZO MATTINGLY BOSWORTH PC

By: /s/ *Steven Rizzo*
Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201
Tel: 503-229-1819
Fax: 503-229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF A.F.

8 - A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| A.F.<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER EVANS, *et. al.*<br><br>　　　　Defendants. | CASE NO. 2:18-CV-01404-SI<br><br><br>**CERTIFICATE OF SERVICE** |

　　　I am employed by the law firm of Rizzo Mattingly Bosworth PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

　　　On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof:

- A.F.'S PARTIAL SUMMARY JUDGMENT MOTION AGAINST THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

**VIA ECF**

| | |
|---|---|
| James Smith<br>Jill Schneider<br>Elleanor Chin<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Telephone: (971) 673-1880<br>jill.schneider@doj.state.or.us<br>james.s.smith@doj.state.or.us<br>Elleanor.chin@doj.state.or.us<br>***Of Attorneys for State Defendants*** | Caitlin V. Mitchell<br>Jennifer J. Middleton<br>Johnson Johnson Lucas & Middleton P.C.<br>975 Oak Street, Suite 1050<br>Eugene, OR 97401<br>Telephone: (541) 484-2434<br>cmitchell@justicelawyers.com<br>jmiddleton@justicelawyers.com<br>***Of Attorneys for E.F.*** |

　　　Dated this 4th day of April, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　 *s/Candace Carter*
　　　　　　　　　　　　　　　　　　　　　　　　Candace Carter, Paralegal