# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.F.,** | Case No. 2:18-cv-1404-SI (LEAD) |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CHRISTOPHER EVANS**, *et al.*, | |
| Defendants. | |
| **E.F.,** | Case No. 2:19-cv-1056-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CHRISTOPHER EVANS**, *et al.*, | |
| Defendants. | |

Steven Rizzo and Mary D. Skjelset, Rizzo Mattingly Bosworth pc, 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201. Of Attorneys for Plaintiff A.F.

Caitlin V. Mitchell and Jennifer J. Middleton, Johnson Johnson Lucas & Middleton pc, 975 Oak Street, Suite 1050, Eugene, OR 97401. Of Attorneys for Plaintiff E.F.

Ellen F. Rosenblum, Attorney General, James S. Smith and Jill Schneider, Senior Assistant Attorneys General, Oregon Department of Justice, 100 SW Market Street, Portland OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs AF and EF are minors who filed suit against the Oregon Department of Human Services (DHS) and three of its employees, Christopher Evans, Susan Lemon, and Krista Turner (collectively, the State Defendants). Plaintiffs also originally named as defendants their former attorneys, Janie Burcart and Rick Dall, whom the state court assigned to represent AF and EF in juvenile dependency proceedings.[1] Plaintiffs settled their claims against Burcart and Dall and later filed the currently operative Second Amended Complaints without naming Burcart and Dall as additional defendants. In answering the Second Amended Complaints, the State Defendants asserted as their Fourth Affirmative Defense "comparative fault" under Oregon Revised Statutes (ORS) § 31.600, *et seq.*, alleging that Burcart and Dall share comparative fault with the State Defendants for causing the alleged harm to Plaintiffs.

Before the Court are motions for partial summary judgment filed by AF and EF. Plaintiffs[2] argue both that the State Defendants' Fourth Affirmative Defense fails as a matter of law and that the State Defendants fail to offer sufficient evidence showing that there is a genuine dispute for trial. For the reasons discussed below, the Court grants Plaintiffs' motions.[3]

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] The state court originally assigned Burcart to represent both Plaintiffs. After Burcart retired, the state court assigned Dall as Burcart's replacement.

[2] Although EF and AF filed separate motions, they make the same arguments and their motions are treated as one in this Opinion and Order.

[3] Notwithstanding the parties' requests for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7 1(d)(1).

Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine

dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view

the evidence in the light most favorable to the non-movant and draw all reasonable inferences in

the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th

Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling

on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of

the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

AF and EF originally filed claims against the State Defendants, Burcart, and Dall. After

settling their claims against Burcart and Dall, AF and EF filed their Second Amended

Complaints (SACs), which are the currently operative pleadings. The SACs omitted all causes of

action against Burcart and Dall and removed them as defendants. The SACs, however, still assert

facts and conclusions relating Burcart. *See, e.g.*, ECF 222 at 3 (AF Second Amended Complaint)

(alleging that the State Defendants "and A.F.'s juvenile attorney, Janie Burcart, acted jointly and

severally, and/or conspired to commit and/or conceal the constitutional deprivations alleged

more fully below"); *id.* at 8 (alleging the conclusion that Burcart was "enmeshed" and

"participated" in the alleged misconduct); *id.* at 10 (alleging that Burcart "continued to act in

concert" with Evans, Lemon, and Turner); *id.* at 11 (alleging a "coordinated plan" between

Burcart and Evans and Turner and that they "acted in concert"); *id.* at 14 (alleging as part of the

basis of the cause of action against Evans "acting in concert" with Burcart); *id.* at 22 (alleging as

part of the basis of the claims against DHS that it was "acting in concert" with Burcart); Case

No. 2:19-cv-1056-SI, ECF 189 at 2 (EF Second Amended Complaint) (alleging that Burcart

"acted jointly and/or conspired to commit the constitutional deprivations alleged more fully

below" with the State Defendants); *id.* at 13 (alleging that Burcart acted with Evans and Turner

"in furtherance of their plan"); *id.* at 17 (alleging as part of the basis of the claim against Evans

that she was "acting in concert" with Burcart, Lemon, and Turner); *id.* at 19 (alleging as part of

the basis of the claim against Turner that she was "acting in concert" with Burcart, Evans, and

Lemon); *id.* at 21 (alleging as part of the basis of the claim against Lemon that he was "acting in

concert" with Burcart, Evans, and Turner); *id.* at 24 (alleging as part of the basis of the claim

against DHS that it was "acting in concert" with Burcart).

      The State Defendants answered the SACs and added the Fourth Affirmative Defense,

which alleges:

> Plaintiff's state law claims are subject to Oregon's Comparative
> Fault statutes (ORS 31.600-31.615). Plaintiff settled claims against
> Janie Burcart and Rick Dall while both were defendants in the
> case. The state defendants are entitled to the jury's evaluation of
> the fault of all defendants, pursuant to ORS 31.605 and 31.610.

ECF 227 at 6.

      In the answer to the complaint alleging claims against them, Burcart and Dall did not

admit to any allegation of misconduct or liability and, to the contrary, denied liability. *See, e.g.*,

ECF 122, 141. In addition, the Settlement Agreement between Plaintiffs, Burcart, and Dall

contained the following clause denying any admission of liability by Burcart and Dall:

> <u>No Admission of Liability</u>. The Parties acknowledge that liability
> is, and has been, expressly denied, and that this Agreement is not
> to be construed as an admission of liability by any Party released
> under this Agreement, but rather as a compromise and settlement
> of disputed claims.

ECF 163 at 9 (emphasis in original).

Plaintiffs previously moved to strike the Fourth Affirmative Defense. U.S. Magistrate Judge Janice Stewart denied that motion.

## DISCUSSION

Plaintiffs now move for summary judgment against the State Defendants' Fourth Affirmative Defense, arguing that: (A) the affirmative defense fails to meet the initial requirement for ORS § 31.600(2) because the State Defendants do not argue that Plaintiffs are at fault; and (B) the State Defendants fail to meet their burden of showing that there is a disputed issue of fact that Burcart or Dall are at fault for causing Plaintiffs' injuries. Each argument is addressed in turn.

## A.  Whether Defendants Must Contend Plaintiffs are at Fault

Plaintiffs argue that ORS § 31.600 requires that a defendant contend that a plaintiff is at fault before comparative fault or apportionment among defendants may occur. The State Defendants did not directly address this argument, but instead generally responded: "Pursuant to ORS 31.600(2), it is for the jury to compare the fault of those involved in the case, including any parties with whom plaintiff settles." ECF 286 at 3.

The Oregon Supreme Court has discussed the applicability and requirements of ORS § 31.600 in the context of a blameless plaintiff. *See Lasley v. Combined Transp., Inc.*, 351 Or. 1 (2011); *see also Wilda v. Roe*, 290 Or. App. 599, 608 (2018) (applying ORS § 31.600 in the context of an innocent plaintiff). In *Lasley*, the Oregon Supreme Court described ORS § 31.600 as relating to "apportionment of fault" and explained the evolution of Oregon's comparative fault regime, including when a defendant alleges that a plaintiff is at fault and when a defendant alleges that another defendant or a settled party is at fault. *See Lasley*, 351 Or. at 13-21. In *Wilda*, the Oregon Court of Appeals held that ORS § 31.600 applied to allow a claim for contributory negligence (or comparative fault) of a third-party (*e.g.*, bartenders serving drinks) when the

plaintiff was innocent (*e.g.*, a person sleeping in bed when a drunk driver drove into the bedroom and caused personal injury). *Wilda*, 290 Or. App. at 606-08.

These cases foreclose Plaintiffs' argument. They also comport with the text of the statute, which requires comparing the Plaintiffs' fault (here, all parties agree that Plaintiffs' fault is zero), with the fault of the State Defendants and any other appropriate persons. The fact that all parties agree that Plaintiffs' fault is zero does not foreclose comparing the fault of the other persons described in the statute. Thus, Plaintiffs' argument that the State Defendants' Fourth Affirmative Defense fails as a matter of law because Plaintiffs' are not at fault is without merit.

## B.  Evidence of the Comparative Fault of Plaintiffs' Former Attorneys

Plaintiffs' next argue that there is no genuine dispute of material fact whether Burcart or Dall were negligent or that their negligence caused Plaintiffs' damages because the State Defendants offer no evidence that Burcart or Dall breached the standard of care, committed legal malpractice, or that any purported malpractice caused damages to Plaintiffs. The State Defendants respond: "Plaintiffs now superseded pleadings are evidentiary admissions, which are evidence of the factual allegations in the pleadings. As such, without more, the record in this case contains factual information sufficient to create a triable issue of fact on the affirmative defense of comparative fault." ECF 294 at 2. In substance, this is the entirety of the State Defendants' response. The State Defendants rely solely on Plaintiffs' purported *factual allegations* in Plaintiffs' pleadings to create a genuine issue for trial on the alleged legal malpractice of Burcart and Dall.[4]

---

[4] As discussed above, Burcart and Dall never admitted any wrongdoing and there are no judicial admissions by them on which the State Defendants rely. The State Defendants rely exclusively on the allegations made by Plaintiffs against Burcart and Dall.

A defendant "*who alleges* that a person who has settled with the claimant is at fault in the matter, has the burden of proof in establishing [that the other person was at fault and that that fault was a contributing cause to injury or death]" *Lasley*, 315 Or. at 16 (quoting ORS § 31.600(3) (alterations and emphasis added in *Lasley*)). "*Factual* assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (emphasis added). They have "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). In *Huey v. Honeywell*, the Ninth Circuit held that admissions in superseded pleadings are not conclusive judicial admissions but remain "a statement once seriously made by an authorized agent, and as such is competent evidence *of the facts stated*, though controvertible, like any other extrajudicial admission made by a party or his agent." 82 F.3d 327, 333 (9th Cir. 1996) (emphasis added) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2nd Cir. 1929)).

"Parties are only bound by factual allegations in a complaint, and not legal conclusions." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 134 F. Supp. 3d 1199, 1205 (N.D. Cal. 2015); *see also In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) ("To constitute a judicial admission, the statement must be one of fact—a legal conclusion does not suffice."); *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) (holding that judicial admissions "must be statements of fact that require evidentiary proof, not statements of legal theories"); *Com. Money Ctr., Inc., v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("Judicial admissions of fact must be deliberate and clear, while legal conclusions are rarely considered to be binding judicial admissions."). Thus, "[w]hile a judicial admission in a pleading

has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact, to constitute a judicial admission in a pleading, the party against whom the admission is sought must have admitted *a fact*." *Elliott v. Solis*, 2019 WL 2150949, at *6 (E.D. Cal. May 16, 2019) (emphasis in original) (citation omitted).

The State Defendants do not cite any alleged *factual* allegations by Plaintiffs on which the State Defendants contend Burcart and Dall's negligence and causation is proven or a even that triable issue has been shown. The State Defendants cite paragraphs 129, 130, 131, 135, 139, 159, and 161 of AF's First Amended Complaint ECF 286 at 3-4. Those paragraphs assert AF's causes of action against Burcart and Dall and allege that Burcart (¶¶ 129-131, 135, 139) and Dall (¶¶ 159, 161) were negligent, breached the standard of care, and breached their fiduciary duties to AF, and that those breaches were a substantial factor in causing AF's injury. Those paragraphs, however, state only legal conclusions that the Court does not consider to be judicial admissions. *See Pierson v. Ford Motor Co.*, 2008 WL 7074289, at *2 (N.D. Cal. Oct. 3, 2008) ("However, the allegation in the original complaint regarding Mr. Scott's negligence is not admissible as a 'judicial admission.' . . . Here, plaintiff alleged in the original complaint that Patrick Scott's negligence caused the accident. 'Negligence' is a legal conclusion or opinion, not a statement of fact or a formal admission that has the effect of withdrawing a fact from issue and dispensing with the need for proof for that fact."). The State Defendants cite similar allegations in paragraphs 108, 110, 112, 120, and 122 of EF's First Amended Complaint.

In summary, the State Defendants rely solely on the statements made in Plaintiffs' complaints to support the State Defendants' claims for comparative fault against Burcart and Dall and apportionment of damages by the jury. Because Plaintiffs' legal conclusions relating to negligence and causation are not "facts" that can be withdrawn from issue under the doctrine of

PAGE 8 – OPINION AND ORDER

judicial admission or even considered as competent evidence of factual material, the State

Defendants must provide competent evidence to show that there is a triable issue that Burcart or

Dall committed legal malpractice that caused injury to Plaintiffs. The State Defendants, however,

have not done so. As noted, legal conclusions are not factual assertions. Accordingly, the Court

grants Plaintiffs' motions for partial summary judgment against the State Defendants' Fourth

Affirmative Defense on the second ground advanced by Plaintiffs.

## CONCLUSION

The Court GRANTS A.F.'s motion for partial summary judgment (ECF 278) and E.F.'s

motion for partial summary judgment (ECF 284) against Defendants' Fourth Affirmative

Defense.

**IT IS SO ORDERED**.

DATED this 16th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge