**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiff E.F.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | | |
|---|---|---|
| A.F., | | Case No.: 2:18-cv-01404-SI |
| | Plaintiff, | (Lead Case for Purposes of Discovery) |
| v. | | |
| CHRISTOPHER EVANS, et al, | | **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS** |
| | Defendants. | |
| E.F., | | |
| | Plaintiff, | Case No. 2:19-cv-01056-SI |
| v. | | |
| CHRISTOPHER EVANS, et al, | | |
| | Defendants. | |

**LR 7-1 CONFERRAL**

Counsel for Plaintiff E.F. has conferred with DOJ counsel Jim Smith on this motion, but

the parties were unable to reach an agreement.

Page 1 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

**MOTION**

Plaintiff E.F. hereby moves for attorney fees and expenses under 28 U.S.C. 1988, Fed. R. Civ. Pro. 54, and LR 54-3(a) and post judgment interest under 28 U.S.C. § 1961. Plaintiff seeks a total of $430,427 which includes $294,315 in attorney fees for Caitlin Mitchell; $123,600 in attorney fees for Jennifer Middleton; $2925 for fee petition expert fees; and $9,587 in litigation expenses. This Motion is supported by the Declarations of Caitlin Mitchell and Jennifer Middleton and their attached hourly billing documentation; the Declarations of Nadia Dahab and Ashlee Albies; the Declarations of Glenn Null and Dustin Fitzgerald; and the Declaration of Steven Rizzo, filed in support of A.F.'s Motion for Fees and Costs.

| Category | Time | Total |
|---|---|---|
| Costs | N/A | $9,587 |
| Expert fee declarants | Ashlee Albies: 3.5<br><br>Nadia Dahab: 2.5 | $1925<br><br>$1000 |
| Caitlin Mitchell | 840.9 | $294,315 |
| Jennifer Middleton | 247.2 | $123,600 |
| **Total attorney fees**<br><br>**Total expert declarant fees**<br><br>**Total costs** | | $417,915<br><br>$2925<br><br>$9,587 |

**MEMORANDUM IN SUPPORT**

I.      **Legal Standard**

The starting point for determining a fee award under 42 U.S.C. § 1988 is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S.

Page 2 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

424, 429 (1983). Courts consider factors including the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1209 n.11 (9th Cir. 2013). Courts then enhance the lodestar in exceptional circumstances, including when the prevailing rate does not account for the true market value of an attorney's time or when litigation includes extraordinary expenses or is exceptionally protracted. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1674–75 (2010); *Gonzalez*, 729 F.3d 1209 n. 11 (court may adjust lodestar based on the twelve "Kerr factors," where factors have not already been accounted for in initial calculation).

    II.    **Argument**

        a. **Plaintiff E.F. is a Prevailing Party.**

    A plaintiff is a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. On July 19, 2022, the District Court entered a Stipulated Judgment in favor of Plaintiffs A.F. and E.F. against Defendants Department of Human Services, Evans, Lemon, and Turner (hereinafter "State Defendants") (ECF 306). The Judgment provides that the State Defendants will pay $675,000 to Plaintiff E.F. and $875,000 to Plaintiff A.F., and it states that Plaintiffs are entitled to seek attorney fees and expenses.

        b. **The Hourly Rates Sought are Reasonable.**

    In setting a reasonable billing rate, the court first considers the "prevailing market rates in the relevant community" and determines what a lawyer of comparable skill, experience, and reputation could command. *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). Because plaintiffs and their families were unable to locate Eastern Oregon counsel and had to seek attorneys in Portland and Eugene, the "relevant communities" for purposes of counsel's market rate are the

Portland and Eugene areas. *See* Decl. of Dustin Fitzgerald at 3; Decl. of Glenn Null at 5-6; *Prison Legal News v. Umatilla Cnty.*, 2013 WL 2156471, at *5 (D. Or. May 16, 2013) (using Portland as relevant community for determining prevailing market rate, where plaintiff was unable to secure adequate counsel in Eastern Oregon to litigate civil rights action). Courts in this District use the Oregon State Bar Economic Survey to assess the reasonableness of billing rates. *Copeland-Turner v. Wells Fargo Bank, N.A.*, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012). In 2016, the most recent year that data was collected, the average (mean) hourly rate for a plaintiff's side civil litigation attorney in the Lower Willamette Valley was $289 per hour which, adjusted for inflation, is $356 per hour.[1]

Attorney Caitlin Mitchell, who has been practicing for ten years, requests a billing rate of $350.  The rate she seeks is within the range of what courts have authorized in other cases. *See, e.g., Prison Legal News v. Columbia Cnty.*, 2014 WL 1225100, at *7 (D. Or. Mar. 24, 2014) (in 2014, authorizing $300/hour and $350/hour for Portland civil rights attorneys with 8 and 15 years in practice, respectively); *IDS Prop. Cas. Ins. Co. v. Mullins*, 2016 WL 3606791, at *3–4 (D. Or. June 30, 2016) (authorizing $300 and $350/hour for Lower Willamette Valley personal injury attorneys with 10-12 years in practice).

Because Ms. Mitchell's requested rate does not exceed the average for plaintiff's civil litigation attorneys in the Lower Willamette Valley when adjusted for inflation, no additional justification is required. *See Copeland–Turner v. Wells Fargo Bank, N.A.,* 2012 WL 92957, *2 (D. Or. Jan. 11, 2012) ("If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate."). Even if it were, Ms. Mitchell's

---

[1] Plaintiff used the calculator provided by the US Bureau of Labor and statistics and calculated the effect of inflation from January 2016 to May 2022. *See* https://www.bls.gov/data/inflation_calculator.htm

Page 4 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

particular qualifications and the circumstances of this case justify the rate she seeks. *See Faubion v. City of Prineville*, 2001 WL 34041782, at *5 (D. Or. Nov. 7, 2001) (relevant factors in determining reasonable fee include special skill and experience of counsel and quality of representation). Ms. Mitchell has experience both in civil rights foster care litigation and in representing children in their juvenile dependency cases (in trial and on appeal), an unusual combination that made her particularly qualified to handle this case. *See* Mitchell Decl. at 2-8 and Attachment A to Mitchell Decl. (Resume) for further information regarding Ms. Mitchell's qualifications.

Ms. Middleton, who has been litigating civil rights cases on behalf of plaintiffs since 1995, requests a billing rate of $500/hour. Ms. Middleton's particular skill and expertise supports a rate above the average for plaintiffs' civil litigation attorneys.[2] *See* Decl. of Jennifer Middleton at 2-10. The rates she seeks are within the range of what courts have authorized in other civil rights cases with highly experienced counsel. *See, e.g.*, *Arthur v. Murphy Co.*, 2012 WL 3010996, at *4 (D. Or. July 23, 2012) ($450/hour for experienced plaintiff's counsel in wage and hour class action lawsuit in 2012); *Trimble v. Kroger Co.*, 2017 WL 6419115, at *3 (D. Or. Dec. 15, 2017) ($450/hour for experienced counsel in Americans with Disabilities Act case in 2017); *see also Wilkens v. Edwards*, 2016 WL 1271663, at *3 (D. Or. Mar. 29, 2016) (noting Ms. Middleton's rate of between $400 and $450/hour in 2016).

The risks associated with civil rights litigation, the lack of available attorneys, and the unique difficulties presented by this litigation further support an attorney fee rate at the higher end

---

[2] Ms. Middleton's proposed rates place her between the 75th and 95th percentile for attorneys with 21-30 years of experience in the Lower Willamette Valley, and between the 75th and 95th percentile for attorneys who practice plaintiff's civil litigation in that region, when adjusted for inflation.

of the OSB survey spectrum. *See* Mitchell Decl. at 7-8; *Wilkens v. Edwards*, 2016 WL 1271663 *2-3 (Dist. Or. Mar. 29, 2016) (authorizing fees in the 95th percental hourly rate for those reasons). In *Wilkens*, this Court determined that a billing rate in the 95th percentile was reasonable "in light of the litigation tactics employed by the attorneys representing the government[.]" *Id*. The state attorneys "conceded nothing," "failed to confer or stipulate to even the most obvious" facts, made groundless arguments, and took a disrespectful, "condescend[ing]" attitude towards the plaintiff and his counsel. The government's tactics not only "made the litigation more costly and prolonged," but were intended to have a chilling effect on the plaintiff's bar. This case is similar. The State Defendants refused to engage in meaningful settlement negotiation for years, despite evidence[3] that clearly established culpability, lack of credibility, and disrespect for the children that DHS was meant to protect. Such tactics discourage attorneys from representing children who are injured in foster care. *See* Decl. of Steven Rizzo in Support of A.F.'s Motion for Fees and Costs for additional information regarding defense counsel's litigation tactics.

### c.   The Hours Expended by Plaintiff's Counsel were Reasonable.

The hours spent by Ms. Mitchell and Ms. Middleton were reasonable. This case was complex: It involved federal constitutional and state law claims against DHS, three DHS employees (a caseworker, a supervisor, and a foster home certifier), and two attorneys, Richard Dall and Janie Burcart, who had previously represented the children in their juvenile dependency

---

[3] Evidence included an admission that the foster home certifier had lied in her certification study of abusive foster care provider Derric Campbell, *see* Plaintiff E.F.'s Motion for Partial Summary Judgment (ECF 134) at 11; an email written by case worker Defendant Evans stating that he would lie about representations he had made to the family, *see* Plaintiff E.F.'s Supplemental Briefing in Support of MSJ (ECF 175) at 2; and an email in which Amy Hall, the DOJ attorney who represented DHS during the dependency proceeding, called E.F. an "a-hole." *Id*. at 3. These are just a few of many examples.

Page 6 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

cases.[4] The parties engaged in three formal judicial settlement conferences and one informal one.

Both the State Defendants and the Plaintiffs moved for summary judgment on qualified immunity

and timeliness (Plaintiffs prevailed). Plaintiffs later moved for partial summary judgment on the

State Defendants' comparative fault defense (Plaintiffs prevailed). The parties had numerous

discovery disputes, one of which resulted in a court order that the State Defendants had waived

privilege over contested documents.[5] Discovery closed, and then was ordered re-opened, when

Plaintiffs discovered that the State Defendants had withheld responsive documents that bore on

witnesses who had been deposed months earlier. E.F.'s case took over three years to resolve. E.F.

also seeks fees for the time spent preparing this Motion. *See McGrath v. Cnty. of Nevada*, 67 F.3d

248, 253 (9th Cir. 1995) ("Work performed on a motion for fees under § 1988(b) is

compensable."). Counsel for E.F. has provided an itemization of time, generated from

contemporaneous time records, after deducting hours that were "excessive, redundant, or

otherwise unnecessary." *Hensley*, 461 U.S. at 433-34 (1983); Mitchell Decl. at 14. Counsel has

already reduced the compensation sought by not billing for all conferral time or for time spent on

this case by a legal assistant and junior associate. *Id*.

Caitlin Mitchell was responsible for the day-to-day litigation in this case. She consulted

regularly with Jennifer Middleton, who contributed her expertise and experience. Mitchell Decl.

at 9. Ms. Middleton also took over the litigation from approximately February 2020 – May 2020,

while Ms. Mitchell was on parental leave. *Id*. Ms. Middleton and Ms. Mitchell did not duplicate

their efforts but took a collaborative, team-based approach. *Id*.; *see Kim v. Fujikawa*, 871 F.2d

---

[4] On August 2, 2019 Judge Sullivan ordered that, pursuant to Local Rule 42-1, this case be
governed by the principles set forth in *The Manual for Complex Litigation* (4th ed. 2004). Order,
Case 2:19-cv-01056-SU (ECF 11) (August 2, 2019).
[5] *See* Declaration of Steve Rizzo, filed in support of A.F.'s motion, for a comprehensive
description of the discovery disputes in this case.

1427, 1435 n.9 (9th Cir. 1989) ("the participation of more than one attorney does not necessarily

constitute an unnecessary duplication of effort"); *see also Rodriguez- Hernandez v. Miranda-*

*Velez*, 132 F.3d 848, 860 (1st Cir. 1998) (time spent by two attorneys on the same general task is

not per se duplicative, as careful preparation often requires collaboration).

E.F.'s Counsel also worked closely with A.F.'s Counsel to reduce the expenditure of

attorney time, even though E.F. and A.F.'s cases differed in significant respects.[6] Mitchell Decl.

at 15. For example, E.F. adopted A.F.'s briefing in several discovery disputes rather than litigating

them independently. E.F.'s counsel chose not to depose certain witnesses, instead working with

A.F. to ensure that both children's interests were represented. E.F. utilized investigation performed

by A.F. with respect to witnesses in the La Grande area. *Id*. These are just a few examples of

Plaintiffs' efforts to avoid potentially redundant work.

E.F. is entitled to recover the full amount of his fees, including for those expended on

claims against Burcart and Dall,[7] because all of his claims "involved a common core of facts" and

were "based on related legal theories." *Hensley*, 461 U.S. at 434–35. E.F. alleged that the Attorney

and State Defendants collaborated to support Mr. Campbell, keep E.F. and A.F. out of court, and

otherwise deprive the children of their constitutional rights, and that Burcart was in fact a state

actor. E.F. Amended Complaint (ECF 59) at 6, 43, 45, 48, 72, 78(j), 84(l), 91(e). Even without

independent claims against them, Plaintiff would have taken essentially the same actions with

---

[6] For example, A.F. suffered sexual abuse while E.F. suffered physical and emotional abuse. Both plaintiffs asserted constitutional claims based on the State Defendants' decision to certify and place them in an unsafe foster home, but E.F. also alleged the State Defendants' on-going failure to respond to contemporaneous disclosures of abuse and neglect. The two cases involved different strategies, different experts, and different witnesses.

[7] Plaintiff E.F. settled with the Attorney Defendants in October 2020.

Page 8 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

respect to Burcart and Dall, who were crucial fact witnesses[8] in E.F.'s case against the State

Defendants. The substantial relief obtained for E.F. further supports a full award of attorney's fees.

*See Hensley*, 461 U.S. at 440, 435 (1983) (where lawsuit consists of related claims, "the district

court should focus on the significance of the overall relief obtained by the plaintiff in relation to

the hours reasonably expended on the litigation").

### d. Plaintiff's Expenses were Reasonably Necessary for this Litigation and Therefore are Recoverable.

Plaintiff seeks a total of $9,587 in litigation expenses (not including fee declarant costs).

See Exhibit C to Mitchell Decl. The expenses, which consist of deposition costs, reimbursement

for travel expenses, a filing fee, photocopies of deposition exhibits, and a FedEx delivery charge

for sending deposition exhibits to a witness being deposed by zoom, are of the type that courts

have included in fee awards as part of the reasonable expense of litigating a case. *See Woods v.*

*Carey*, 722 F.3d 1177, 1180 (9th Cir. 2013) (42 U.S.C. § 1988 allows for recovery of reasonable

out-of-pocket expenses that would normally be charged to a fee-paying client, which include

photocopying, travel, telephone costs). Each item was necessary and limited to the reasonable

amount needed to conduct the litigation. If this Court determines that an enhancement factor should

be applied to A.F.'s costs in an amount of 9% (reflecting the applicable interest rate), E.F. requests

that the same enhancement factor be applied to the costs in his case, for the reasons stated in A.F.'s

Motion for Attorney's Fees and Costs.

---

[8] Burcart represented E.F. and A.F. in their juvenile dependency case for years, including when DHS certified Derric Campbell and decided to pursue him as a foster care provider. She had direct knowledge of DHS' certification of Campbell, its decision to place the children in Campbell's home, Defendant Evans' meetings with E.F. (which Burcart routinely attended), E.F.'s statements about Campbell, and concerns raised by E.F.'s family about Campbell. Richard Dall represented E.F. and A.F. while they lived in Campbell's home and during Campbell's guardianship proceeding. He had direct knowledge of DHS' petition for Campbell to become the children's guardian and of statements made by and about the children while they were living with Campbell.

Finally, E.F. requests the fees of attorneys who submitted declarations in support of this Motion. The Ninth Circuit has held that the work of independent attorney declarants is necessary support for a fee petition such as this. *See Guam Society of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996) (suggesting party has not met its burden without declarations from expert counsel). The time spent by Ashlee Albies and Nadia Dahab in assessing counsel's Motion and drafting their declarations is therefore compensable. *See Bernardi v. Yeutter*, 951 F.2d 976 (9th Cir. 1991) (time spent by other counsel to support fee petition is compensable).

###### e.  The Court Should Allow Post Judgment Interest.

E.F. requests the Court to allow post judgment interest on the supplemental judgment in accord with 28 U.S.C. § 1961.

### III.   Conclusion

For the foregoing reasons, Plaintiff E.F. respectfully requests the Court to enter an award as follows: (1) $417,915 in attorney's fees; (2) $9,587 in costs and expenses, plus an enhancement factor of 9% interest on the costs awarded, of that factor is applied in A.F.'s case; (3) $2925 in fees for Nadia Dahab and Ashlee Albies; (4) post judgment interest on the supplemental judgment.

DATED this <u>18th</u> day of <u>  August  </u>, 2022.

JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.

 /s/ Caitlin Mitchell
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
Johnson Johnson Lucas & Middleton P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882

Page 10 – **PLAINTIFF E.F.'S MOTION FOR FEES AND COSTS**

# CERTIFICATE OF SERVICE

I certify that on August 18, 2022, a true copy of the **Plaintiff E.F.'s Motion for Fees and Costs** was served as indicated below:

[ ] U.S. Mail
[x ] Electronic Filing
[ ] Email
[   ] Fax

**Rizzo Mattingly Bosworth PC**
**Steven Rizzo**
**Mary Skjelet**
**Phone : 503-229-1819**
**Email : srizzo@rizzopc.com**
**Email: mskjelset@rizzopc.com**
 Attorneys Plaintiff A.F.

**Oregon Department of Justice**
**100 SW Market Street**
**Portland, OR 97201**
**Phone: 971-673-1073**
**Email: james.s.smith@doj.state.or.us**
 Attorney for Christopher Evans, Krista Turner
and Susan Lemon


Jaclyn R. Hayes, Legal Assistant
Johnson Johnson Lucas & Middleton, PC
541/484-2434
541/484-0882 fax
jhayes@justicelawyers.com

Page 1 – Certificate of Service